■ DAVID OBSTEIN, Respondent, v. SYLTINA CORPORATION, Appellant.— Judgment of the Supreme Court, Kings County, entered November 14, 1966, affirmed, with costs. No opinion. Brennan, Rabin, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: Plaintiff claims that he sustained personal injuries when he fell into a grease pit located in a building (called a "bay") on defendant's gasoline service station. The theory of his case was that an employee of defendant had failed to warn him of an unsafe condition when directing him to a toilet in the bay. Plaintiff testified that on the day of the accident he parked his automobile in defendant's station; that he asked one of defendant's employees where he could find a toilet; that he was directed to the bay which he saw had four automobiles parked in it which were two abreast, with two automobiles in front and two in the rear; that, although the toilet was on the right side of the bay, it appeared that because of the four automobiles parked in the bay it could only be reached by walking along the left side of the bay between the parked automobiles and the wall; that he walked to the front of the bay but could not proceed any further because the bumper of the front automobile was touching the front wall; and that he retraced his steps, saw a space between the rear of the front automobile and the front of the rear automobile, attempted to walk through this space, and fell into the grease pit which had been hidden by these two automobiles. In my opinion, plaintiff's version of the accident, when evaluated against the evidence adduced at the trial and the physical facts, lacks credibility. It was uncontradicted that the inside and bottom of the grease pit, as would normally be expected, were "greasy and oily and full of drippings from cars". Never-

theless, there was no testimony presented on behalf of plaintiff that he had grease or oil on his body or clothing after the accident and, in fact, the only testimony given on this question, which remained uncontradicted, was that there was no "grease or any oil or any smudge or anything on his face, his hands or any part of his clothing". Moreover, plaintiff failed to explain how he got out of the grease pit, which was described as being 4 to 5 feet in depth and 18 to 20 feet in length. The only way to get out of the grease pit was by a stairway at the front of the pit and a ladder at the rear, both of which means of egress would necessarily have been covered by the parked automobiles which plaintiff testified were over and covering the grease pit. For the reasons stated, it is my view that the accident could not have happened in the manner claimed by plaintiff and, under the circumstances, the judgment should be reversed and the complaint dismissed.